JS-6

AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Plaintiff
LEG AVENUE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEG AVENUE, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRIVATE ISLAND ENTERTAINMENT, LLC; JONATHAN GLATT; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.  12-cv-10510 MWF (RZx) <br><br> *Assigned to Hon. Michael W. Fitzgerald* <br><br> **JUDGMENT AGAINST PRIVATE ISLAND ENTERTAINMENT, LLC AND JONATHAN GLATT; AND PERMANENT INJUNCTION PURSUANT TO STIPULATION** <br><br> Action filed on December 7, 2012 |

Rev.Judgment_and_Injunction.DOCX

JUDGMENT AND PERMANENT INJUNCTION

Having reviewed the Stipulation for Entry of Final Judgment and Permanent Injunction entered in to between plaintiff Leg Avenue, Inc. ("Plaintiff") and defendants Private Island Entertainment, LLC and Jonathan Glatt (collectively, "Defendants"), and good cause appearing, the Court hereby finds as follows:

1. WHEREAS, Plaintiff is one of the world's largest manufacturers of costumes, hosiery, lingerie and accessories.

2. WHEREAS, Plaintiff has common law trademark rights in the mark "LEG AVENUE" which is an inherently distinctive mark and which, in addition, has achieved secondary meaning as a result of its extensive commercial use by Plaintiff since at least as early 1994. "LEG AVENUE" functions as an identifier of source and origin.

3. WHEREAS, in addition, Plaintiff owns federal trademark registrations, including, without limitation, LEG AVENUE (Reg. No. 3343763), registered November 27, 2007, for Halloween and party costumes, and ENCHANTED COSTUMES BY LEG AVENUE (Reg. Nos. 3700295, 3700286), for Halloween and masquerade costumes.

4. WHEREAS, Plaintiff's common law and registered trademarks are collectively referred to as "Plaintiff's Marks."

5. WHEREAS, Plaintiff also owns numerous copyright registrations in its product catalogs, which contain photographs of Plaintiff's various products. These registrations include, without limitation: Registration number TX-6-189-768, registered on May10, 2005, for the catalog: "Leg Avenue 2005 Catalog"; Registration number VA-1-728-221, registered on June 23, 2008, for the catalog "Leg Avenue Costume Catalog 2006"; Registration number VA-1-649-925, registered on June 27, 2008, for the catalog "Leg Avenue Costumes Catalog 2007"; Registration number VA-1-653-437, registered on July 3, 2008, for the catalog "Leg Avenue Costume Catalog 2008"; Registration number VA-1-660-994, registered on January 27, 2009, for the catalog "Leg Avenue Costume Catalog

2009"; Registration number VA-1-762-043, registered on February 2, 2010, for the catalog "Leg Avenue Costume Catalog 2010"; Registration number VA-1-766-538, registered on February 14, 2011, for the catalog "Leg Avenue Costume Catalog 2011"; Registration number VA-1-662-075, registered on December 18, 2008, for the catalog "Leg Avenue Hosiery Catalog 2009"; and Registration number VA-1-738-756, registered on December 7, 2009, for the catalog "Leg Avenue Hosiery Catalog 2010."

6. WHEREAS, Plaintiff's registered and unregistered copyrights are collectively referred to as "Plaintiff's Copyrights."

7. WHEREAS, On December 7, 2012, Plaintiff filed its Complaint in this Civil Action No. 12-CV-10510 MWF against Defendants, alleging claims for relief for Copyright Infringement (17 U.S.C. §§ 101, 501 *et seq.*); Registered Trademark Infringement (15 U.S.C. § 1114); Federal False Designation of Origin (15 U.S.C. § 1125(a)); Unfair, Unlawful or Fraudulent Trade Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); False Advertising (Cal. Bus. & Prof. Code § 17500); and California Common Law Trademark Infringement / Unfair Competition. Through these claims, Plaintiff sought, *inter alia*, to enjoin Defendants' current and prospective infringement of Plaintiff's Marks and Plaintiff's Copyrights, and to recover monetary damages resulting from those actions.

8. WHEREAS, Plaintiff's claims for relief arose out of Defendants' alleged acts in: (1) wrongfully using Plaintiff's Copyrights to sell Defendants' own products and/or to sell Leg Avenue products in packaging that had been modified, tampered with, or in which warning labels, care instructions, product origin information, and other contents found in Leg Avenue's legitimate packaging had been removed; (2) wrongfully using Plaintiff's Marks to sell Defendants' own products; and (3) passing off Leg Avenue products as Defendants' products.

9. WHEREAS, Defendants have agreed to cease all use of Plaintiff's Copyrights and Plaintiff's Marks, and to cease advertising or selling any and all

products bearing Plaintiff's Marks.

10. WHEREAS, the parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Permanent Injunction Order on this Stipulation for Entry of Final Judgment and Permanent Injunction.

11. WHEREAS, the parties agree that the permanent injunction shall remain in full force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. Judgment is hereby entered in favor of Plaintiff and against Defendants on each of Leg Avenue's claims for relief alleged in the Complaint on file herein;

2. Defendants and their agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persons acting in concert or participation with them, and each of them, are hereby PERMANENTLY AND FOREVER ENJOINED AND RESTRAINED from:

    a. The unauthorized use, in any manner whatsoever, of any of Plaintiff's Marks, including any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

        (i) on or in conjunction with any product or service; and

        (ii) on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging or containers.

    b. The unauthorized use, in any manner whatsoever, of any of Plaintiff's Copyrights, including any variants, colorable imitations, translations and/or simulations thereof and/or any

      items that are substantially similar thereto, including specifically:

      (i) on or in conjunction with any product or service; and

      (ii) on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging or containers.

  c. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

  d. The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originates from Plaintiff; or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

  e. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers or members of the public to believe that Defendants are connected with, or are in some way sponsored by or affiliated with Plaintiff, purchase product from or otherwise have a business relationship with Plaintiff.

  f. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer,

       brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of any product that infringes any of Plaintiff's Marks.

    g.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of any of Plaintiff's products in packaging that has been modified, tampered with, or in which warning labels, care instructions, product origin information, and other contents found in Plaintiff's legitimate packaging have been removed;

    h.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer of relate to Plaintiff or any of Plaintiff's Marks for a period of one year.

3.    Each party shall be responsible for his or its own costs and attorneys' fees incurred in connection with this action, except as set forth in the parties' Settlement Agreement dated as of August 19, 2013.

4.    This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

5.    The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendants.

6.    This Court shall retain continuing jurisdiction over this matter in order to take appropriate action in the event that the parties who are enjoined do not comply with the terms of this Permanent Injunction.

IT IS SO ORDERED:

DATED:    August 21, 2013

_____
Honorable Michael W. Fitzgerald
U.S. District Court Judge

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Rev.Judgment_and_Injunction.DOCX     6     JUDGMENT AND PERMANENT INJUNCTION

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Greenberg, Glusker, Fields, Claman & Machtinger LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

On _____, I served the following documents: **JUDGMENT AGAINST PRIVATE ISLAND ENTERTAINMENT, LLC AND JONATHAN GLATT; AND PERMANENT INJUNCTION PURSUANT TO STIPULATION** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Joseph A. Mandour<br>Ben T. Lila<br>Mandour & Associates, APC<br>16870 W. Bernardo Dr., Ste. 400<br>San Diego, CA  92127 | *Attorneys for Defendants for Private Island Entertainment, LLC and Jonathan Glatt*<br>T: 858-487-9300<br>F: 858-487-9390<br>E: jmandour@mandourlaw.com<br>     blila@mandourlaw.com |
| Gordon E. Gray<br>Mandour & Associates, APC<br>2030 Main Street, Suite 1300<br>Irvine, CA  92614 | *Attorneys for Defendants for Private Island Entertainment, LLC and Jonathan Glatt*<br>T: 949-474-9330<br>F: 949-474-9390<br>E: ggray@mandourlaw.com |

☐ **(BY MAIL)** By placing the document(s) listed above in sealed envelope(s) in a designated "OUT" box in the office of my employer. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid. (CCP Section 1013a, 2015.5, FRCP section 5(B), or FRAP 25(d).

☐ **(BY CERTIFIED MAIL/RETURN RECEIPT)** By placing the document(s) listed above in sealed envelope(s) with two copies of the Notice of Acknowledgment of Receipt and a postage-paid return envelope addressed to me in a designated "OUT" box in the office of my employer. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid. (CCP Section 1013a, 2015.5, FRCP section 5(B), or FRAP 25(d).

____ **(BY FACSIMILE)** Per prior agreement [or order of the Court] by transmitting via facsimile from this office's facsimile transmission telephone number the document(s) listed above to a facsimile machine maintained by the person or persons indicated at the facsimile number(s) as last given by that person or persons on any document which he or she has filed in the matter and served on this office.  Said transmission was reported as complete and without error and a copy of that report with the facsimile telephone number to which transmittal was made and date and time completed is attached to this proof of service.  (CCP Sections 1013(e), 2015.5.)

____ **(BY FEDERAL EXPRESS)** By placing a copy of the document(s) listed above in a sealed envelope to above addressee(s) and sending it via Federal Express, with delivery fees provided for.  I know that in the ordinary course of business at this office said document(s) will be deposited in a box or other facility regularly maintained by Federal Express or delivered to an authorized courier or driver of Federal Express for next day delivery.  (CCP Sections 1013(c), 2015.5)

____ **(BY HAND DELIVERY)** By providing a copy of the document(s) listed above in a sealed envelope to an attorney service with instructions to personally deliver the envelope(s) as listed above on _____.

____ **(BY E-MAIL)** I caused a true copy of the foregoing document to be served by e-mail at the e-mail address set forth above.  Each e-mail was complete and no reports of error were received.

____ **(BY CM/ECF)** The document(s) listed above were also served on _____ by electronic service by electronically filing said documents with the U.S. District Court, Central District of California Case Management/Electronic Case Filing (CM/ECF) system.  Upon completion of transmission of said documents, a Notice of Electronic Filing (NEF) was issued to the filing party acknowledging receipt of said documents by the CM/ECF system and that notice had been electronically mailed to all parties.

Rev.Judgment_and_Injunction.DOCX

JUDGMENT AND PERMANENT INJUNCTION

__X__ **(FEDERAL)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on _____, at Los Angeles, California.

Jannette G. Gore

Signature

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Rev.Judgment_and_Injunction.DOCX

JUDGMENT AND PERMANENT INJUNCTION